FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

99 JUN -8 PM 1: 35
U.S. DISTRICT COURT
N.D. OF ALABAMA

|                          |   |                 |
|--------------------------|---|-----------------|
| HELEN COBB,              | ) |                 |
| PLAINTIFF,               | ) |                 |
| VS.                      | ) | CV99-H-1285-E   |
| SEWELL MANUFACTURING CO.,| ) |                 |
| DEFENDANT.               | ) |                 |

ENTERED

JUN - 8 1999

### MEMORANDUM OF DECISION

On February 10, 1999 plaintiff filed a complaint in the Circuit Court of Cleburne County.  In Count One plaintiff seeks to recover compensation under the Worker's Compensation Laws of the State of Alabama, Alabama Code § 25-5-1, et seq.  In Count Two plaintiff seeks to recover compensatory and punitive damages under Alabama Code § 25-5-11.1 for termination of plaintiff's employment in retaliation for filing a worker's compensation claim.  On the basis of this court's diversity of citizenship jurisdiction, defendant removed the action to this court on May 20, 1999[1] pursuant to 28 U.S.C. § 1441(a).  It is that section which authorizes removal of a civil "action"[2] on the basis of diversity.  Section 1441(a) also qualifies the right to remove if

---

[1]   The notice of removal recites that it is filed within 30 days after service of the complaint, and the court has no reason to question that representation but does note that this service was more than 70 after this action was commenced.

[2]   Section 1441(a) does not authorize the removal of less than the entire "action," and there is no statute which permits the removal of a part of an action.

a statute expressly prohibits removal. Section 1445(c) of Title
28 prohibits removal of a civil action arising under the worker's
compensation laws of a state. Clearly if this action embraced
only the claim in Count One, it is non-removable and must be
remanded. Likewise, if this action embraced only the claim in
Count Two, it would be removable for the reasons set forth in
Moreland v. Gold Kist, Inc., 908 F. Supp. 894 (ND Ala. 1995).[3]
But see Roberts v. Beaulieu of America, Inc., 950 F. Supp. 1509
(ND Ala. 1996); Grant v. Davey Tree Expert Co., 8 F. Supp. 2nd
1328 (SD Ala. 1998); Subra v. CMS Therapies, Inc., 900 F. Supp.
407 (MD Ala. 1995). Unfortunately for defendant this removal
occurred subsequent to the December 1, 1990 amendment to
28 U.S.C. § 1441(c). Prior to that amendment, § 1441(c)
authorized the removal of a "hybrid" action such as this and
authorized the remand of the non-removable cause of action and
the retention of the removable cause of action. The 1990
amendment, however, limits the removal of such a hybrid action
to only 28 U.S.C. § 1331 (federal question) jurisdiction actions,
and consequently no longer is there authority to remove a hybrid
action where this court's jurisdiction is conferred only by
§ 1332 (diversity). Stated another way, since December 1, 1990,
a defendant has been unable to remove on the basis of diversity

_____

[3] Unpublished orders or opinions by Judge Sam C. Pointer,
Jr. (CV95-P-2009-S), Judge Sharon L. Blackburn (CV93-B-1847-S)
and the undersigned (CV95-H-2639-E) reach the same conclusion,
whereas unpublished orders or opinions by Judge William M. Acker,
Jr. (CV94-AR-2259-M) and Judge Edwin L. Nelson (CV93-N-1865-M
reach the opposite conclusion.

jurisdiction an action which consists of a non-removable claim and a claim which could have been removed had it not been joined with the non-removable claim, asking the court to keep the removable claim and to remand the non-removable claim.

On May 21, 1999 the court entered an order directing defendant to show cause, if any there be, by June 3, 1999 why this action should not be remanded to the state court and the June 2, 1999 response of defendant fails to show such cause. For the reasons stated above, this action will, by separate order, be remanded to the Circuit Court of Cleburne County, Alabama.

DONE this 8th day of June, 1999.

James H. Hancock

SENIOR UNITED STATES DISTRICT JUDGE

3